1
2
3
4
5
6
7
8               **UNITED STATES DISTRICT COURT**
9           **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11   DARRYL DUNSMORE, | Case No. 3:20-cv-1773-CAB-AGS |
| 12               Petitioner, | **ORDER:** |
| 13   v. | |
| 14   GEORGE JAIME, Warden, | **1) GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS [ECF No. 22];** |
| 15             Respondent. | |
| 16 | |
| 17 | **2) DENYING MOTION FOR CIVIL CONTMEPT [ECF No. 7];** |
| 18 | |
| 19 | **3) DENYING MOTION FOR ADA ACCESS [ECF No. 9];** |
| 20 | |
| 21 | **4) DENYING MOTION FOR ACCOMODATIONS [ECF No. 20];** |
| 22 | |
| 23 | |
| 24 | **5) DENYING MOTIONS TO AMEND PETITION [ECF Nos. 25, 31];** |
| 25 | |
| 26 | **6) DENYING MOTION FOR DEFAULT JUDGMENT [ECF No. 27];** |
| 27 | |
| 28 | |

**7) GRANTING IN PART AND DENYING IN PART MOTION FOR JUDICIAL NOTICE [ECF No. 33];**

**8) DENYING MOTION FOR EXTENSION OF TIME [ECF No. 35];**

**9) DENYING MOTION FOR STAY [ECF No. 37]; and**

**10) DENYING CERTIFICATE OF APPEALABILITY**

## I. INTRODUCTION

Petitioner Darryl Dunsmore ("Dunsmore" or "Petitioner") is a state prisoner, currently in custody at the San Diego County jail following a resentencing proceeding.  He is proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet.").  (*See* Pet., ECF No. 1; Opp. to Mot. to Dismiss, ECF No. 29 at 8.) He has also filed numerous other motions.  The Court has read and considered the Petition, [ECF No. 1], the Motion to Dismiss and Memorandum of Points and Authorities in Support of the Motion to Dismiss [ECF Nos. 22, 22-1], the Opposition to the Motion to Dismiss [ECF No. 27], the lodgments and other documents filed in this case, and the legal arguments presented by both parties.  For the reasons discussed below, the Court **GRANTS** the Motion to Dismiss.  The Court also **GRANTS** in part and **DENIES** in part Dunsmore's Motion for Judicial Notice and **DENIES** the remaining motions filed by Dunsmore. Finally, the Court **DENIES** a Certificate of Appealability.

## II. FACTUAL BACKGROUND AND PROCEDURAL BACKGROUND

In June of 2010, Dunsmore was convicted in San Diego Superior Court of attempted voluntary manslaughter, assault with a deadly weapon and enhancements in San Diego Superior Court case no. SCS 215653.  (*See Dunsmore v. Paramo, et al.*, S.D. Cal. case no.

3:13-cv-01193-GPC-PCL, ECF No. 28-1at 83-87].)    Dunsmore appealed, and the California Court of Appeal affirmed his conviction, but remanded the case for resentencing to impose mandatory fines and fees.  (*Id.* at ECF No. 28-20, 28-23–28-24, 28-28; *People v. Dunsmore*, 2019 WL 4941363, at*2 (Cal. Ct. App. Oct. 8, 2019.)  Dunsmore filed a petition for review challenging his conviction in the California Supreme Court, which was denied.  (*Id.* at ECF No. 28-15–28-16.)

Dunsmore filed a Petition for Writ of Habeas Corpus challenging his conviction in case no. SCS 215653 in this Court on May 17, 2013, which was given case no. 3:13-cv-01193-GPC-PCL.  (*Id.* at ECF No. 1.)  While that petition was pending, Dunsmore filed another habeas corpus petition in this Court challenging his conviction in case no. SCS 215653.  (*See Dunsmore v. Beard*, S.D. Cal. case no. 3:15-01428-LAB-NLS.)  The Court ordered that the petition in case no. 3:15-01428-LAB-NLS be filed as a motion to amend the petition in case no. 3:13-cv-01193-GPC-PCL pursuant to *Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008).  (*See id.* ECF No. 2.)  Dunsmore appealed that Order to the Ninth Circuit Court of Appeal, which denied a certificate of appealability.  (*See* ECF No. 12.)  Subsequently, in case no. 3:13-cv-01193-GPC-PCL, the Court denied the motion to amend and denied the petition on the merits.  (*See Dunsmore v. Paramo, et al.*, S.D. Cal. case no. 3:13-cv-01193-GPC-PCL, ECF No. 115.)  Dunsmore appealed the denial, and the Ninth Circuit denied a certificate of appealability.  (*Id*. at ECF Nos. 115, 131.)

Dunsmore next filed a petition for writ of habeas corpus challenging his conviction in San Diego Superior Court case no. SCS 215653 in the United States District Court for the Eastern District of California, which was transferred to this Court and given case no. 3:18-00172-H-PCL.  The Court dismissed the case as successive to 3:13-01193-GPC-PCL.  (*See Dunsmore v. Martel*, S.D. Cal. case no. 3:18-00172-H-PCL [ECF No. 7].)  Dunsmore filed a motion for reconsideration, which was denied.  (*Id.* at ECF No. 9-10.)  Meanwhile, sometime in 2018, Dunsmore was resentenced following the state appellate court's remand on direct appeal.  *See Dunsmore v. Martel*, 2019 WL 4941363, at *1-2 (Cal. Ct. App. Oct. 8, 2019).  Dunsmore appealed his resentencing and the state appellate court concluded

there were errors in the calculation of fees, fines and enhancements at the resentencing. *Id.* It remanded the case for resentencing a second time. *Id.*

In February of 2020, Dunsmore filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 in this Court which was given case no. 3:20-00310-MMA-MSB. (*See Dunsmore v. Gore*, S.D. Cal. case no. 3:20-00310-MMA-MSB, ECF No. 1.) In that case, Dunsmore sought to challenge his conviction in case no SCS 215653 and the state appellate court's second decision to remand his case for resentencing. (*Id.* at 1.) The Court dismissed this case on abstension grounds pursuant to *Younger v. Harris*, 401 U.S. 37, 41 (1971).[1] (*See id.* at ECF No. 2.) Dunsmore appealed the dismissal to the Ninth Circuit, and at the time of the writing of this Order, a motion to proceed in forma pauperis was pending in that case. (*See Dunsmore v. Gore*, No. 20-56223 (9th Cir. Feb. 18, 2020, ECF No. 3.)

On May 5, 2020, Dunsmore filed an application to file a second or successive petition in the Ninth Circuit. (*See Dunsmore v. Eldridge*, No. 20-71281 (9th Cir. May 5, 2020). The Ninth Circuit concluded that the application was unnecessary because the California Court of Appeal had remanded Dunsmore's case for resentencing and thus Dunsmore was no longer in custody pursuant to that original judgment. Dunsmore was told that if he wished to challenge the new judgment which would be entered following his resentencing, he was to "file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the District Court "that complies with the procedural requirements of 28 U.S.C. §§ 2244(d) and 2254." (*Id.* at 2.)

On July 15, 2020, Dunsmore was resentenced in state court for a second time following the state appellate court's second remand. (Lodgment No. 21, ECF No. 23-21 at 126–27.) Two days later, Dunsmore filed another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court which was given case no. 3:20-01378-JLS-AHG. (*See Dunsmore v. Unknown*, S.D. Cal. case no. 3:20-01378-JLS-AHG.) The Court

---

[1] *Younger* held that federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Younger* 401 U.S. 37, 45-46

dismissed the case as successive. (*Id.* at ECF No. 3.) Dunsmore then filed a motion for reconsideration, and while that motion was pending, appealed the dismissal of his case. (*Id.* at ECF Nos. 5–7.) The Ninth Circuit dismissed his appeal for lack of jurisdiction. (*Id.* at ECF No. 15.) This Court granted in part and denied in part Dunsmore's motion for reconsideration, finding that challenges to his conviction in San Diego Superior Court case no. SCS 215653 were successive and dismissing his claims related to his second resentencing on *Younger* abstention grounds because it appeared that resentencing proceedings were still ongoing. (*Id.* at 4.) Dunsmore appealed this dismissal and the appeal is currently pending in the Ninth Circuit. *See Dunsmore v. Unknown*, No. 20-56228 (9th Cir. Nov. 20, 2020).

On August 4, 2020, Dunsmore appealed his July 15, 2020 resentencing. (*See* California Courts, Appellate Court Information website, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=41&doc_id=2323902&doc_no=D077762&request_token=NiIwLSEmTkw8WzAtSSFdTE9IIDw6UkxbJCMuWzxTUCAgCg%3D%3D (last visited March 8, 2021). The opening brief was filed on December 28, 2020, and Respondent's brief was filed on March 1, 2020. (*Id.*) That appeal is currently ongoing. (*Id.*)

Dunsmore filed a new petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on August 5, 2020, which was given case no. 3:20-01518-BAS-KSC. (*See Dunsmore v. Eldridge, et al.*, S.D. Cal. case no. 3:20-01518-BAS-KSC.) That case was dismissed as successive because Dunsmore was seeking to challenge his conviction in case no. SCS 215653. (Id. at ECF No. 4.) Dunsmore appealed that decision and the appeal is currently pending in the Ninth Circuit. (*See Dunsmore v. Eldridge*, et al., No. 20-56209 (9th Cir. Nov. 2, 2020).)

On August 12, 2020, over two years after this Court had denied Dunsmore's motion for reconsideration in S.D. Cal. case no. 3:18-00172-H-PCL, Dunsmore appealed the Court's dismissal of his petition as successive; the Ninth Circuit dismissed the appeal for lack of jurisdiction. *See Order in Dunsmore v. Martel*, No. 20-55833 (9th Cir. Sept. 18,

2020) [ECF No. 6].)   In November of 2020, Dunsmore filed another motion for reconsideration in S.D. Cal. case no. 3:18-00172-H-PCL, which was denied. (*Dunsmore v. Martel*, S.D. Cal. Case no. 3:18-00172-H-PCL, ECF No. 19–20.)   Dunsmore appealed to the Ninth Circuit and that appeal is currently pending. (*See Dunsmore v. Martel*, No. 21-55107 (9th Cir. Feb. 9, 2021).)

On September 8, 2020, Dunsmore filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this case, 3:20-01773-CAB-AGS, identifying San Diego Superior Court case no. SCS 179057 as the conviction he sought to challenge. (Pet., ECF No. 1 at 1.)   Respondent filed a motion to dismiss on January 14, 2021, arguing the Petition should be dismissed on abstention grounds pursuant to *Younger* and that his other claims are not cognizable on federal habeas corpus review. (ECF No. 22, 22-1.)   Dunsmore filed an Opposition to the motion on January 25, 2021. (ECF No. 29.)   He has also filed various motions. (*See* ECF Nos. 7, 9, 20, 25, 27, 31, 33, 35, 37.)

On October 26, 2020, Dunsmore filed an application to file a second or successive petition in the Ninth Circuit seeking to challenge his conviction in San Diego Superior Court case no. SCS 215653. (*See Dunsmore v. Eldridge*, No. 20-73179 (9th Cir. Oct. 26, 2020), ECF Nos. 1, 3.)   The Ninth Circuit noted that Dunsmore was already pursuing a challenge to his conviction in San Diego Superior Court case no. SCS 21563 in this case and directed that the application for leave to file a second or successive petition be filed as a motion to amend in this case. (*Id.*; ECF No. 25.) [2]

/ / /

---

[2] Dunsmore has also filed two other petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, *Dunsmore v. Gore, et al.*, 3:20-02021-LAB-RBB, which was dismissed as duplicative of case no. 3:20-01518-BAS-KSC, and *Dunsmore v. Gore, et al.*, 3:20-02120-CAB-NLS, which was dismissed as to his conviction in case no. SCS 179057 because he was pursuing a challenge to that conviction in this case and on *Younger* abstention grounds as to his challenge to his conviction in San Diego Superior Court case no. SCS 215653. (*See* Order in *Dunsmore v. Gore, et al.*, 3:20-02021-LAB-RBB [ECF No. 3] and Order in *Dunsmore v. Gore, et al.*, S.D. Cal. case no. 3:20-02120-CAB-NLS [ECF No. 3].) Dunsmore has appealed the dismissal of his case in case no. 3:20-02120-CAB-NLS and that appeal is pending in the Ninth Circuit. (*See Dunsmore v. Gore, et al.*, No. 20-56314 (9th Cir. Dec. 11, 2020).)

## III. ANALYSIS

### A. Grounds in the Petition

Although Dunsmore identifies San Diego Superior case no. SCS 179057 as the conviction he seeks to challenge, (Pet., ECF No. 1 at 1), the Ninth Circuit construed his Petition as seeking to challenge his July 15, 2020 sentence in San Diego Superior Court case no. SCS 215653. (*See* ECF No. 25-2.) Dunsmore raises two grounds in his Petition. In ground one, he claims a due process violation and states as follows:

> I am appellant counsel by way of Wende brief. I have filed notices per CRC 8.155(d) concerning omission of the record. Petitioner has filed motions complaining that said appeal record under Rule 8.155 is incorrect[,] that appropriate record is CRC 8.320 [and] that no stipulation has been submitted by the parties per CRC 8.320(f) for limited record. The Clerk[,] the supervisor and the Court have failed refused to respond to said motion concerning omission from the record according to CRC8.336(g) and (b) denying me due process in the instant matter to meaningful review in case D076678.

(ECF No. 1 at 6.)

Dunsmore describes his second ground for relief a "obstruction of meaningful access" and states as follows:

> The Superior Court is denying me meaningful access to court by refusing to grant me pro per status[,] denying me the tools necessary to access the court despite knowing I'm appellate counsel in case D076678 by way of Wende brief in or to deprive me of further relief in case no. 215653 and to willfully injure my collateral attack in order to keep me wrongfully incarcerated [and] has consistently manipulated the rule of law in this endeavor[,] refused appellate orders on remand[,] abused its discretion[,] been bias[ed] and prejudice[d,] has refused to order SDCJ to provide legal access[,] responds to writs [and] motions with erroneous application of law and numerous other due process violations[,] has established policy to deprive me of my rights and the law in violation of the 1972 Gilmore v. Lynch injunction order to provide meaningful access to state prisoner[s].

(*Id.* at 7.)

Dunsmore's claims are not easy to understand, but it appears he is making two attacks, one on his 2004 conviction in San Diego Superior Court case no. SCS 179057,

which was used to enhance his sentence in San Diego Superior Court case no. SCS 215653, and one on his 2010 conviction and sentence in San Diego Superior Court case no. SCS 215653.

1.   <u>Claims Related to San Diego Superior Court case no. SCS 179057</u>

In 2004, Dunsmore pleaded guilty to attempted criminal threats in San Diego Superior Court case no. 179057.  *See People v. Dunsmore*, No. D076678, 2020 WL 1846678 (Cal. Ct. App. April 13, 2020).  When Dunsmore was convicted in San Diego Superior Court case no. SCS 215653 in 2010, that conviction was used to enhance his sentence.  (*See People v. Dunsmore*, No. D076678, 2020 WL 1846678 (Cal. Ct. App. April 13, 2020).)  In 2019, he made a motion to withdraw his guilty plea in case no. SCS 179057; the superior court denied the motion.  (*Id.*)  Dunsmore appealed the denial and the California Court of Appeal affirmed.  (*Id.*)  A petition for rehearing was denied by the state appellate court and a petition for review was denied by the California Supreme Court.  (*See* California Courts website, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=41&doc_id=2300646&doc_no=D076678&request_token=NiIwLSEmTkw8WzBJSCJdUEJIMEQ6UkxbJCM%2BXz1RMCAgCg%3D%3D (last visited on March 8, 2021.)

A petitioner may not challenge more than one conviction in a single habeas corpus petition brought pursuant to 28 U.S.C. § 2254.  Rule 2(e), 28 U.S.C. foll. § 2254.  Moreover, to the extent Dunsmore seeks to challenge his conviction in San Diego Superior Court case no. SCS 179057, the challenge is precluded by *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001).  In *Lackawanna*, the Supreme Court stated:

> [W]e hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.  *See Daniels*, post, at 382, 121 S.Ct. 1578.  If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the

/ / /

8

enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Id*. at 403-04.

Dunsmore's conviction in case no. SCS 179057 is longer open to collateral attack because Dunsmore is no longer in custody pursuant to that 2004 conviction.   The *Lackawanna* Court identified two exceptions to the rule: (1) if the petitioner challenges the enhanced sentence by claiming that a state conviction used to enhance the sentence is invalid because counsel was not appointed, in violation of the Sixth Amendment, and (2) if federal habeas review is "effectively the first and only forum available for review of the prior conviction." *Id*. at 404-06.  Neither exception applies in Dunsmore's case.  Dunsmore was represented by counsel in case no. SCS 179057.  (ECF No. 37 at 5.)  And, Dunsmore has availed himself of the opportunity to challenge the validity of his conviction in state court.  *See People v. Dunsmore*, No. D076678, 2020 WL 1846678 (Cal. Ct. App. April 13, 2020); California courts website, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=41&doc_id=2300646&doc_no=D076678&request_token=NiIwLSEmTkw8WzBJSCJdUEJIMEQ6UkxbJCM%2BXz1RMCAgCg%3D%3D (last visited on March 8, 2021).  For these reasons, this Court lacks jurisdiction over the claims in the Petition relating to Dunsmore's conviction in case no. SCS 179057 because he is no longer in custody pursuant to that conviction. *See Lackawanna*, 532 U.S. at 403-04; *Maleng v. Cook*, 490 U.S. 488, 490–91(1989); Rule 2(e), 28 U.S.C. foll. § 2254.

### 2.  Claims Related to San Diego Superior Court Case No. SCS 215653

As the Court noted in section II of this Order, Dunsmore was resentenced for a second time in San Diego Superior Court case no. SCS 215653 on July 15, 2020.  (Lodgment No. 21, ECF No. 23-21 at 126–27.)  Dunsmore appealed his resentencing to the California Court of Appeal for the Fourth Appellate District, Division One, and that appeal is currently ongoing.  (Lodgment No. 22, ECF No. 23-22.)

As the Court has explained to Dunsmore in previous Orders, under *Younger*, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary

circumstances. *Id*. at 45-46; *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (stating that *Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.")  The Ninth Circuit has explained that: "*Younger* abstention is appropriate when: (1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate(s) important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek(s) to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018), quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014).

Each of those criteria are satisfied here.  Dunsmore's criminal appeal is ongoing in state court.  (Lodgment No. 21, ECF No. 23-21 at 126–27.)  There is no indication Dunsmore is unable to petition the state courts for the relief he seeks; indeed, as detailed in section II of this Order, he has filed numerous petitions in state and federal court, as well as in the Ninth Circuit, some of which have been successful.  It is also clear that Dunsmore's state criminal proceedings involve important state interests.  Finally, because it is evident from the many petitions Dunsmore has filed, both in state court and in this Court, that he wishes to challenge his sentence in San Diego Superior Court case no. SCS 215653, it is also evident that federal action would enjoin the ongoing state criminal proceeding.  (*See also* Pet., ECF No. 1 at 7, stating that he is "wrongfully incarcerated.")  Accordingly, abstention is required.  *See Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (stating that "only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts."); *see also Juidice v. Vail*, 430 U.S. 327, 337 (1977) (holding that if *Younger* abstention applies, a court may not retain jurisdiction but should dismiss the action).

/ / /

/ / /

### 3. Other Claims in the Petition

Dunsmore claims he has suffered violations of his due process rights, access to the courts and access to legal materials.   (Pet., ECF No. 1 at 2-7.)   These claims are not cognizable on federal habeas corpus review because it they do not challenge the constitutional validity or duration of confinement.   *See* 28 U.S.C. 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994); *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016).

Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; *Nettles*, 830 F.3d at 935.   When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.   *Preiser*, 411 U.S. at 500; *Nettles*, 830 F.3d at 935.   On the other hand, a 42 U.S.C. § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life but not to the fact or length of his custody.   *Preiser*, 411 U.S. at 500; *Nettles*, 830 F.3d at 935.   Dunsmore's claims regarding due process violations, access to the courts and legal materials do not challenge the fact or length of his custody. Thus, these claims are not cognizable pursuant to 28 U.S.C. § 2254.

### B. Dunsmore's Motions

Dunsmore has filed nine motions.   They are: 1) Motion for Civil Contempt (ECF No. 7), 2) Motion for ADA Access (ECF No. 9), 3) Motion for Accommodations (ECF No. 20), 4) Motion to Amend (ECF No. 25), 5) Motion for Default Judgment (ECF No. 27), 6) Motion to Amend (ECF No. 31), 7) Motion for Judicial Notice (ECF No. 33), 8) Motion for Extension of Time (ECF No. 35), and 9) Motion for Stay (ECF No. 37).

### 1. Motion for Civil Contempt [ECF No. 7]

In this motion, Dunmore reiterates many of the complaints he asserts in his petition, specifically that he is being denied access to legal materials which impedes his ability to assert claims and respond to Respondent's filings.   (Mot. for Civ. Contempt, ECF No. 9.)

He claims he is a class member covered by an injunction issued in *Gilmore v. Lynch*, 319 F. Supp. 105 (1970) and moves for civil contempt pursuant to Fed. R. Civ. Pro. 70, which states as follows:

> (a) Party's Failure to Act; Ordering Another to Act. If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done–at the disobedient party's expense--by another person appointed by the court. When done, the act has the same effect as if done by the party.

> (b) Vesting Title. If the real or personal property is within the district, the court–instead of ordering a conveyance–may enter a judgment divesting any party's title and vesting it in others. That judgment has the effect of a legally executed conveyance.

> (c) Obtaining a Writ of Attachment or Sequestration. On application by a party entitled to performance of an act, the clerk must issue a writ of attachment or sequestration against the disobedient party's property to compel obedience.

> (d) Obtaining a Writ of Execution or Assistance. On application by a party who obtains a judgment or order for possession, the clerk must issue a writ of execution or assistance.

> (e) Holding in Contempt. The court may also hold the disobedient party in contempt.

Fed. R. Civ. Pro. 70 (West 2020).

The court in *Gilmore* enjoined the enforcement of some California prison regulations restricting prisoners' access to legal materials because they interfered with prisoners' rights to access the courts. *Gilmore*, 319 F. Supp. at 107–09, 112. The *Gilmore* injunction is no longer in effect. *See Stevenson v. Beard*, 2020 WL 1245393 (S.D. Cal. March 16, 2020) (noting that "[t]he district court retained jurisdiction over the 1972 [*Gilmore*] injunction until it granted defendant's motion to terminate the injunction and the court's jurisdiction on April 20, 2010" citing *Corral v. Yates*, No. 1:10-cv-01341-SKO-HC, 2011 WL 3925131, at *4 (E.D. Cal. Sept. 7, 2011) and *Gilmore v. Lynch*, No. 3:66-cv-45878-SI

(N.D. Cal. Apr. 20, 2010), ECF No. 321).)   Accordingly, Dunsmore's motion for civil contempt is **DENIED**.

On page six of this motion, Dunsmore asks for a temporary restraining order.  (ECF No. 7 at 6.)  A person seeking a preliminary injunction must establish: (1) a likelihood of succeed on the merits; (2) a likelihood that plaintiff will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.  *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).  "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction."  *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995); *see also Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that standards for issuing a TRO are "substantially identical" to those for issuing a preliminary injunction).  As the movant, Dunsmore "must do more than merely allege imminent harm sufficient to establish standing; [he] must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief."  *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674-675 (9th Cir. 1988) (stating that speculative injury does not constitute irreparable harm sufficient to warrant granting a preliminary injunction) (internal citations omitted).

Dunsmore's allegations do not meet these standards.  As discussed above, he has not shown any likelihood of success on the merits.  *See Pimental v. Dreyfus*, 670 F.3d 1096, 1111 (9th Cir. 2012) (stating that "at an irreducible minimum," the party seeking immediate injunctive relief "must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation").  Nor has he established that he will "suffer irreparable harm in the absence of preliminary relief," or "demonstrated immediate threatened injury."  *Winter*, 555 U.S. at 20; *Caribbean Marine Servs. Co., Inc.*, 844 F.2d at 674-675.  For these reasons, the request for a TRO is **DENIED**.

/ / /

/ / /

3:20-cv-01773-CAB-AGS

## 2. Motion for ADA [Americans With Disabilities Act] Access [ECF No. 9]

In his motion for ADA access, Dunsmore states he is "petitioning for access to ADA coordinator per CRC 1.100 per Federal Rules of reg Title 28 chapter 1 part 35.107a and the grievance procedure 35.107b I'm being denied informal requests and feel I'm being discriminated against." (Mot. for ADA Access, ECF No. 9.)  CRC refers to the California Rules of Court, which governs proceedings in California State Courts.  It has no applicability here where Petitioner is a state prisoner proceeding with a federal habeas corpus petition.  "Title 28 chapter 1 part 35.107a and the grievance procedure 35.107b" appears to refer to 28 C.F.R. Ch. 1, Part 35, which governs nondiscrimination on the basis of disability in state and local government services.  Part 35.107a–b states as follows:

> (a) Designation of responsible employee. A public entity that employs 50 or more persons shall designate at least one employee to coordinate its efforts to comply with and carry out its responsibilities under this part, including any investigation of any complaint communicated to it alleging its noncompliance with this part or alleging any actions that would be prohibited by this part. The public entity shall make available to all interested individuals the name, office address, and telephone number of the employee or employees designated pursuant to this paragraph.

> (b) Complaint procedure. A public entity that employs 50 or more persons shall adopt and publish grievance procedures providing for prompt and equitable resolution of complaints alleging any action that would be prohibited by this part.

28 C.F.R. Ch.1, Part 35.107.

The cited regulation simply provides a structure for state entities to implement the ADA.  It does not mandate that any individual be guaranteed access to an ADA coordinator and it does not provide any authority to this Court to direct the California Department of Corrections or any other entity to provide Dunsmore with access to an ADA coordinator.  Further, Dunsmore has not provided the Court with any evidence establishing he is entitled to access an ADA coordinator, or that he is being improperly denied access to one.  Accordingly, his motion for ADA access  [ECF No. 9] is **DENIED**.

/ / /

### 3. Motion for Accommodations [ECF No. 20]

Dunsmore has filed a copy of a California Judicial Council form which requests accommodations for person with disabilities to access the California court system, which the Court construed as a Motion for Accommodations. (ECF Nos. 19–20.) In this filing, he makes the same allegations as he does in his habeas corpus petition regarding his lack of access to legal materials. (*Id.* at 3-8.) As discussed in section III(A)(3) of this Order, a 42 U. S. C. § 1983 action is the proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life but not to the fact or length of his custody. *See* 28 U.S.C. 2254(a); *Preiser*, 411 U.S. at 500; *Heck*, 512 U.S. at 480-85; *Nettles*, 830 F.3d at 935. For this reason, his motion for accommodations [ECF No. 20] is **DENIED**.

On page two of this filing, Dunsmore ask for another TRO regarding the allegations he makes in his motion. (ECF No. 20 at 2.) As noted above, to be successful Dunsmore must establish: (1) a likelihood of succeed on the merits; (2) a likelihood that he will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20. Further, he "must do more than merely allege imminent harm sufficient to establish standing; [he] must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." *Caribbean Marine Servs. Co., Inc.*, 844 F.2d at 674-675.

Dunsmore is not entitled to a TRO because, as discussed above, he has not shown any likelihood of success on the merits, *Pimental*, 670 F.3d at 1111, nor has he established that he will "suffer irreparable harm in the absence of preliminary relief," or "demonstrated immediate threatened injury." *Winter*, 555 U.S. at 20; *Caribbean Marine Servs. Co., Inc.*, 844 F.2d at 674-675. For these reasons, the request for a TRO is **DENIED**.

### 4. Motions to Amend [ECF Nos. 25, 31]

Dunsmore has two pending motions to amend. The first, ECF No. 25, is an application to file a second or successive petition which was filed as a motion to amend in this case at the direction of the Ninth Circuit. (*See* ECF No. 25; *Dunsmore v. Eldridge*,

No. 20-73179 (9th Cir. Oct. 26, 2020); ECF No. 25-2.)  In this document, Dunsmore states he wishes to raise the following claims:  "civil right due process, obstruction of meaningful access, ADA access."  (ECF No. 25 at 3.)  In a supplemental filing, he states he is challenging his conviction in San Diego Superior Court case no. SCS 215653 and notes he previously filed a habeas corpus action in this court, *Dunsmore v. Paramo, et al.*, S.D. Cal. case no. 3:13-cv-01193-GPC-PCL.  (ECF No. 25-1 at 3.)  He states he wishes to raise the following grounds in his current habeas corpus petition:  "newly discovered evid[ence], ineffective assistance, illegal sentence."  (*Id.* at 4.)  He also claims the sentence imposed at his July 15, 2020 resentencing hearing was illegal.  (*Id.* at 5.)  In his second motion to amend [ECF No. 31], Dunsmore states he wishes to amend his petition with the claims contained in another habeas corpus action he filed in this Court, *Dunsmore v. Eldridge*, et al., S.D. Cal. case no. 3:20-01518-BAS-KSC.  (*See* ECF No. 31.)

As to Dunsmore's first motion to amend, his claims of "civil right . . . obstruction of meaningful access, ADA access" are not cognizable on federal habeas corpus review.  As discussed above, when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.  *Preiser*, 411 U.S. at 500; *Heck*, 512 U.S. at 480-85; *Nettles*, 830 F.3d at 935.  On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life or constitutional challenges to his arrest, but not to the fact or length of his custody.  *Preiser*, 411 U.S. at 500; *Nettles*, 830 F.3d at 935.  The claims Dunsmore wants to add to his Petition in his first motion to amend [ECF No. 25] – "civil right," "obstruction of meaningful access," and "ADA access" – do not seek to challenge the fact or length of his custody, and are therefore not appropriate for amendment in this case.

Dunsmore's first motion to amend also states he is challenging his conviction in San Diego Superior Court case no. SCS 215653 and seeks to raise the following claims: "newly discovered evid[ence], ineffective assistance, illegal sentence," and a claim that the

sentence imposed at his July 15, 2020 resentencing hearing was illegal.  (*Id.* at 4–5.)  As this Court noted in section II of this Order, Dunsmore has already challenged his conviction in San Diego Superior Court case no. SCS 215653 in this Court in *Dunsmore v. Paramo, et al.*, S.D. Cal. case no. 3:13-cv-01193-GPC-PCL.  In order for this Court to consider any challenge to his conviction in San Diego Superior Court case no. SCS 215653, as opposed to his 2020 resentencing in that case, Dunsmore must show he has obtained an Order from the Ninth Circuit Court of Appeals authorizing this Court to consider a successive petition. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (stating that a petition is successive where it challenges "the same custody imposed by the same judgment of a state court" as a prior petition).  Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition.  And, as the Court also discussed in section III(A)(2), claims relating to Dunsmore's July 15, 2020 resentencing in San Diego Superior Court case no. SCS 215653 must be dismissed on abstention grounds pursuant to *Younger* because he is currently appealing his resentencing and proceeding are ongoing in state court.  Accordingly, Dunsmore's first motion to amend is **DENIED**.

In his second motion to amend, Dunsmore claims that the Ninth Circuit gave him permission to amend his Petition in this case in its January 25, 2021 Order in Ninth Circuit case no. 20-73179 and that he wishes to amend the Petition with the claims he raised in *Dunsmore v. Eldridge*, S.D. Cal. case no. 3:20-cv-01518-BAS-KSC.  (ECF No. 31 at 1.) The Ninth Circuit's Order reads as follows:

> The application for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition in the district court, as supplemented by the applicant's submission entered at Docket Entry No. 2, is denied as unnecessary because the applicant has a § 2254 habeas petition currently pending before the United States District Court for the Southern District of California in case no. 3:20-cv-01773-CAB-AGS, which challenges his 2020 resentencing proceedings in San Diego Superior Court case number SCS 215653.  *See Goodrum v. Busby*, 824 F.3d 1188, 1194-95 (9th Cir. 2016) (concluding that an application for authorization to file a second or successive

habeas corpus petition should be construed as a motion to amend a pending first habeas corpus petition).

The Clerk will transfer the application and supplement, filed at Docket Entry Nos. 1 and 2, to the district court to be processed as a motion to amend the currently pending § 2254 habeas petition in Southern District of California case number 3:20-cv-1773-CAB-AGS.  The motion is deemed filed in the district Court on October 22, 2020.  *See* Fed. R. App. P. 4(c)(1); *Butler v. Long*, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) (assuming petitioner turned his petition over to prison authorities on the day it was signed and applying the mailbox rule).

*We express no opinion as to whether leave to amend should be granted.*

The Clerk will serve this order, the application, and supplement directly on the chambers of the Honorable Cathy Ann Bencivengo and the Honorable Andrew G. Schopler.

Upon transfer of the supplemental application, the Clerk will close the original action.

Any pending motions are denied as moot.

No further filings will be entertained in this case.

(ECF No. 25-2) (italics added).

The Ninth Circuit's Order did not grant Dunsmore permission to amend his petition in this case with the claims contained in his prior petition in S.D. Cal. case no. 3:20-cv-01518-BAS-KSC.  It simply explained that because Dunsmore was already challenging his 2020 resentencing in San Diego Superior Court case no. SCS 215653 in this case, there was no need for him to obtain permission to file a successive petition and directed that his application be filed as motion to amend in this case.  (*Id.*)  Moreover, the claims Dunsmore raised in 3:20-cv-01518-BAS-KSC all relate to his conviction in San Diego Superior Court case no. SCS 215653.  As discussed in the section above, any claims related to that conviction are successive.  Accordingly, Dunsmore's second motion to amend the petition [ECF No. 31] is **DENIED**.

### 5.   Motion for Default Judgment [ECF No. 27]

Dunsmore filed a motion for default judgment on January 26, 2021, alleging that no motion to dismiss had been filed by the deadline set by the Court.   (ECF No. 27). Dunsmore claims Respondent was to file a responsive pleading in this case by January 13, 2021, but did not do so until January 14, 2021, and thus a default judgment is warranted. (*Id.*)

A default judgment may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ."  Fed. R. Civ. Pro. 55(a) (West 2020).   On November 20, 2020, the Court granted Respondent an extension of time until January 14, 2021 to respond to the petition.  (ECF No. 17)  Respondent filed a motion to dismiss on January 14, 2021. (ECF No. 22.)  Respondent did not "faile[] to plead or otherwise defend" the Petition in this case, and Dunsmore's motion for default is therefore **DENIED**.

### 6.   Motion for Judicial Notice [ECF No. 33]

Dunsmore has also filed a motion for judicial notice in which he asks this Court to change the docket in this case and to take judicial notice of "pending litigation in the Ninth Circuit concerning abridgement of Petitioner's rights" in Ninth Circuit case no. 20-56135. (ECF No. 33 at 1-2.)

Dunsmore contends Respondent asked this Court for an extension of time until January 13, 2021 to file a responsive pleading.  (*Id.* at 1.)  He claims the docket in this case has been altered to reflect that the date requested and granted was January 14, 2021.  (Id.) Dunsmore is incorrect.  Respondent requested and was granted an extension of time to file a response until January 14, 2021.  (ECF Nos. 16-17.)  Dunsmore also claims the caption of this case was changed to "Dunsmore v. Gore, et al." and that "no case was filed as Gore, et al."  (*Id*. at 1.)  The Petition filed by Dunsmore lists as Respondents "Gore" and "Xavier Becerra."  (*See* ECF No. 1.)  The term "et al." is Latin for "and others" and is used in legal documents in place of listing all parties to a case.   *See* https://www.merriam-webster.com/dictionary/et%20al.  Because Dunsmore listed "Gore" and "Xavier Becerra"

as Respondents, the caption reads "Gore, et al.," meaning "Gore, and others."  The caption in this case is not incorrect.  Dunsmore's motion for judicial notice as to the alleged errors in the docket is **DENIED**.

As to Dunsmore's request to take judicial notice of Ninth Circuit case no. 20-56135, that case is an appeal from the dismissal of a complaint filed pursuant to 42 U.S.C. § 1983 in S.D. Cal. case no. 3:20-cv-00406-AJB-WVG.  (*See Dunsmore v. State of Cal., et al.*, No. 20-56135 (9th Cir. Oct. 29, 2020); ECF No. 33.)  A motion for voluntary dismissal of the case was granted by this Court on October 14, 2020.  (*See Dunsmore v. State of Cal., et al.*, S.D. Cal. case no. 3:20-cv-00406-AJB-WVG, ECF No. 32.)  A court may take judicial notice of its own records.  *See Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986).  Accordingly, Dunsmore's motion for judicial notice as to *Dunsmore v. State of Cal., et al.*, No. 20-56135 (9th Cir. Oct. 29, 2020) is **GRANTED**.

### 7.  Motion for Extension of Time [ECF No. 35]

Dunsmore asks for an extension of time "pending clarification of 9th Cir. Order in 20-73179 which may result in claims raised on separate habeas being joined to this case and further amendment or addendum."  (ECF No. 35 at 1.)  As noted above, the Ninth Circuit in *Dunsmore v. Eldridge*, No. 20-73179 (9th Cir. Oct. 26, 2020) advised Dunsmore that his application to file a successive petition was unnecessary because he was pursuing his challenge to his 2020 resentencing in San Diego Superior Court no SCS 215653 in this case and directed his application to be filed as an amended petition in this case.  *See Dunsmore v. Eldridge*, No. 20-73179 (9th Cir. Oct. 26, 2020, ECF No. 3; ECF No. 25-2.)  The Ninth Circuit also informed Dunsmore that it "express[ed] no opinion as to whether leave to amend should be granted," and advised Dunsmore that "[n]o further filings will be entertained in this case."  (*Id*. at 2.)  Because there is no "clarification" forthcoming from the Ninth Circuit in case no. 20-73179 and Dunsmore's motions to amend have been denied, there is no grounds for an extension of time.  The motion is therefore **DENIED**.

### 8.  Motion for Stay [ECF No. 37]

Finally, Dunsmore has filed a motion for stay in which he claims the San Diego County District Attorney is violating the plea agreement he entered into in San Diego Superior Court case no. 179057 and asks this court to stay the eight-month prison sentence he received in that case.  (ECF No. 37 at 1-2.)  Dunsmore pleaded guilty to attempted criminal threats in San Diego Superior Court case no. 179057 in 2004.  *See People v. Dunsmore*, 2020 WL 1846678 (Cal. Ct. App. April 13, 2020).  This conviction was used to enhance his sentence in San Diego Superior Court case no. SCS 215653.  (*Id*.)  In 2019, he made a motion to withdraw his guilty plea, and the superior court denied the motion; Dunsmore appealed the denial and the California Court of Appeal affirmed.  (*Id*.)  A petition for rehearing was denied by the state appellate court and a petition for review was denied by the California Supreme Court.  (*See* California Courts website, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=41&doc_id=2300646&doc_no=D076678&request_token=NiIwLSEmTkw8WzBJSCJdUEJIMEQ6UkxbJCM%2BXz1RMCAgCg%3D%3D (last visited on March 1, 2021.)  As this Court has noted, a petitioner may only attack one conviction in a habeas corpus petition filed pursuant to 28 U.S.C. § 2254.  Rule 2(e), 28 U.S.C. foll. 2254.  Further, given that the eight-month sentence was imposed in 2004, Dunsmore has assuredly already served the sentence he wishes to stay.  Accordingly, the Motion for Stay is **DENIED**.

## V.  CONCLUSION

The Court **GRANTS** Respondent's Motion to Dismiss for the reasons discussed above.

The Court **DENIES** Dunsmore's Motion for Civil Contempt [ECF No. 7], Motion for ADA Access [ECF No. 9], Motion for Accommodations [ECF No. 20], Motions to Amend [ECF Nos. 25, 31], Motion for Default Judgment [ECF No. 27], Motion for Extension of Time [ECF No. 35], and Motion for Stay [ECF No. 27].  Dunsmore's Motion for Judicial Notice [ECF No. 33] is **DENIED** as to any change in the case caption and **GRANTED** as to his request for judicial notice of Ninth Circuit case no. 20-56135.

Rule 11 of the Rules Following 28 U.S.C. § 2254 require the District Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254 (West 2019).  A COA will issue when the petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253 (West 2019); *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005).  A "substantial showing" requires a demonstration that "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'"  *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir. 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Here, the Court concludes Dunsmore has not made the required showing, and therefore a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

Dated:  March 8, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge